# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

TAMRA L. BLAND, )
)
        Plaintiff, )
v. ) Case No. CIV-15-469-SPS
)
NANCY A. BERRYHILL, )
Acting Commissioner of the Social )
Security Administration,[1] )
)
        Defendant. )

## OPINION AND ORDER

The claimant Tamra L. Bland requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration denying her application for benefits under the Social Security Act. She appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons set forth below, the decision of the Commissioner is hereby REVERSED and the case remanded to the ALJ for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of

---

[1] On January 20, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Berryhill is substituted for Carolyn Colvin as the Defendant in this action.

such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: whether the decision was supported by substantial evidence, and whether the correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term "substantial evidence" requires "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). However, the Court may not reweigh the evidence nor substitute its discretion for that of the agency. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court

---

[2] Step one requires the claimant to establish that she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if her impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), she is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that she lacks the residual functional capacity (RFC) to return to her past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account her age, education, work experience, and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

### Claimant's Background

The claimant was born on August 21, 1971, and was forty-two years old at the time of the administrative hearing (Tr. 29, 144). She completed twelfth grade, and has worked as a meat trimmer, office helper, and data entry clerk (Tr. 22, 169). The claimant alleges she has been unable to work since September 27, 2012, due to low back pain that radiates to her tailbone and legs, and spondylosis (Tr. 168).

### Procedural History

On October 3, 2012, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. Her application was denied. ALJ James Bentley held an administrative hearing and determined the claimant was not disabled in a written decision dated June 13, 2014 (Tr. 11-23). The Appeals Council denied review, so the ALJ's written decision represents the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. § 404.981.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant retained the residual functional capacity (RFC) to perform a range of sedentary work as defined in 20 C.F.R. § 404.1567(a), except that she required a sit/stand option defined as a temporary change of position from sitting to standing and vice versa with no more than one change of position every half hour and without leaving the

workstation. Additionally, he found the claimant could only occasionally use her upper extremities, stoop, crouch, and crawl (Tr. 16). The ALJ concluded that although the claimant could not return to her past relevant work, she was nevertheless not disabled because there was work she could perform, *i. e.*, surveillance system monitor, call out operator, and election clerk (Tr. 23).

## Review

The claimant's sole contention of error is that the ALJ failed to properly weigh her subjective complaints. The Court agrees, and the decision of the ALJ should be reversed and remanded.

The ALJ determined that the claimant had the severe impairments of lumbar radiculitis/radiculopathy, low back pain, lumbosacral spondylosis without myelopathy, cervical radiculitis, carpal tunnel syndrome, medial nerve entrapment, and obesity (Tr. 13). A July 6, 2012 x-ray of the lumbar spine revealed a pars defect at L5 with mild listhesis (Tr. 279). On July 9, 2012, the claimant was limited to less than ten pounds and to moderate activity as tolerated, based on her back pain with radiculopathy, by Dr. Brad Stewart (Tr. 287). Beginning in August 2012, the claimant underwent a number of epidural steroid injections (Tr. 294, 301). In January 2013, the claimant was noted to have a slowed gait and decreased range of motion and pain with range of motion in the back, and was assessed with degenerative spondylolisthesis (Tr. 323). She continued to complain of pain and received treatment at the Paragon Pain & Rehabilitation Clinic, and was assessed with low back pain, lumbar radiculitis/radiculopathy, obesity, and long-term

use of high risk medications (Tr. 340). Following nerve conduction studies, the claimant was also diagnosed with carpal tunnel syndrome (Tr. 498).

At a December 2013 examination at Paragon Pain and Rehab LLP, the claimant was noted to have a limited range of motion of joints and back, pain with movement, tenderness to palpation of the back (Tr. 504). On April 2014, however, she had no tenderness to palpation of some portions of the back, but she did have various muscle spasms at various places on her back (Tr. 525).

State reviewing physicians found the claimant could perform light work with no manipulative, postural, or other limitations (Tr. 63-64, 79-80).

At the administrative hearing, the claimant testified that she had had injections in her back, but that she had not had surgery and that her doctors had not recommended surgery, but that she understood her back condition to be congenital and made worse by wear and tear (Tr. 39). She testified that her most significant limitations was the low back impairment, because it caused muscle spasms and pain in her legs, followed by the carpal tunnel syndrome (Tr. 40-41). She testified that she had undergone four steroid injections in her back (Tr. 45). She stated that she had to sit a particular way due to the muscle spasms, and that she sometimes has to get up to walk off the spasm, despite taking medications (Tr. 45-46). She believed she could pick up something that weighed five pounds, but would drop anything heavier, that she only sleeps four or five hours a night, and that pain wakes her up (Tr. 47). She stated that she does not perform overhead reaching due to pain, and that she cannot kneel or stoop because those actions bring on

muscle spasms, and that she has gained twenty to thirty pounds since her back pain began (Tr. 48).

In his written opinion, the ALJ summarized the claimant's hearing testimony and the evidence in the medical record. The ALJ used the typical boilerplate language to find the claimant not credible, but continued by stating that he found her partially credible. He stated that she had some limitations, but not to the extent alleged because an MRI supported her complaints related to her lumbar spine, but that because her doctor had not recommended surgery or physical therapy this "lack of treatment" was inconsistent with her allegations (Tr. 20). The ALJ then gave "some weight" to the opinions of the state reviewing physicians but stated that he found the claimant more limited than the assessment of the ability to perform light work assigned by one physician and that two other opinions pre-dated additional evidence related to her carpal tunnel and hearing testimony (Tr. 20-21). He then assigned some weight to Dr. Stewart, noting that his lifting restriction to less than ten pounds was consistent with the assigned RFC of less than the full range of sedentary work, but that he only examined her once and therefore did not have a longitudinal picture of her medical condition (Tr. 21).

The claimant contends that the ALJ erred in evaluating her subjective complaints. At the time of the ALJ's decision, a credibility determination was governed by Soc. Sec. Rul. 96-7p. *See, e .g., Hardman v. Barnhart*, 362 F.3d 676, 678 (10th Cir. 2004), *quoting* Soc. Sec. Rul. 96-7p, 1996 WL 374186 (July 2, 1996). But the Commissioner issued a ruling on March 16, 2016, that eliminated the term "credibility" and provided new guidance for evaluating the intensity, persistence, and limiting effects of a claimant's

symptoms. Soc. Sec. Rul. 16-3p, 2016 WL 1119029 (Mar. 16, 2016). "Generally, if an agency makes a policy change during the pendency of a claimant's appeal, the reviewing court should remand for the agency to determine whether the new policy affects its prior decision." *Frantz v. Astrue,* 509 F.3d 1299, 1302 (10th Cir. 2007), *quoting Sloan v. Astrue,* 499 F.3d 883, 889 (8th Cir. 2007). Whether or not the ALJ's credibility analysis under the old standard was sufficient, the record does not reflect how the ALJ would have evaluated the claimant's subjective statements under Soc. Sec. Rul. 16-3p.[3] Consequently, the decision of the Commissioner must be reversed and the case remanded to the ALJ for evaluation in accordance with the new standard.

## Conclusion

In summary, the Court FINDS that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The Commissioner's decision is accordingly REVERSED and the case REMANDED for further proceedings consistent herewith.

**DATED** this 22nd day of March, 2017.

_____
**STEVEN P. SHREDER
UNITED STATES MAGISTRATE JUDGE**

---

[3] While it is arguable that the evidence cited by the ALJ in support of his credibility determination would likewise have satisfied Soc. Sec. Rul. 16-3p, thus obviating the need for reversal and remand, *see, e. g., Wellenstein v. Colvin,* 2015 WL 5734438, at *11 (N.D. Iowa Sept. 30, 2015) (noting that the Court of Appeals for the Eighth Circuit denied remand for consideration of a new social security ruling upon finding that "although the policy changed during the pendency of the case, the policy did not affect the case."), *citing Van Vickle v. Astrue,* 539 F.3d 825, 829 n.6 (8th Cir. 2008), the undersigned Magistrate Judge finds that any re-evaluation of the evidence in light of the new standard is not for this court to make on review but rather for the ALJ to consider in the first instance.